IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CONRAAD HOEVER,

    Plaintiff,

v.                                                    CASE NO. 4:13-cv-73-RH-GRJ

MICHAEL CREWS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate at Franklin Correctional Institution, filed a *pro se* Complaint under 42 U.S.C. § 1983 against twenty-four defendants who were prison personnel at Franklin CI and Calhoun CI, and has been granted leave to proceed as a pauper. Docs. 1, 4.  The Complaint did not comply with the Local Rules of the Northern District of Florida because it was in excess of the page limits. Local Rule 5.1(J).  Further, an initial review of the Complaint reflected that it set forth a litany of unrelated events that allegedly occurred during Plaintiff's incarceration at Franklin C.I.  The Court required Plaintiff to file an amended complaint that complied with the Local Rules, and that set forth only clearly related claims that stemmed from the same basic event or occurrence. Doc. 4.

Plaintiff filed a First Amended Complaint, again asserting claims against the same twenty-four defendants.  Doc. 7.  Upon review, the Court determined that the First Amended Complaint suffered from the same defects with respect to the conglomeration of unrelated claims and was in fact identical in substance to the original Complaint.  The Court ordered Plaintiff to file a Second Amended Complaint.  Doc. 12.  After receiving

extensions of time and unsuccessfully seeking recusal of the undersigned from the case, Plaintiff submitted a proposed Second Amended Complaint.  Doc. 18-1.

The Second Amended Complaint is in substance identical to the First Amended Complaint and suffers from the same defects.  Plaintiff's factual recitation begins in February 2012 when he arrived at Franklin C.I.  He contends that he was transferred to Franklin CI in retaliation for filing grievances while confined at Calhoun C.I.  Events occurring at Calhoun C.I. were the subject of a separate lawsuit, *Hoever v. Buss et al.*, Case No. 5:11-cv-254-RH-GRJ.  Plaintiff's complaint in that case was dismissed in part for misjoinder of defendants and claims.  Doc. 66.  Plaintiff was afforded an opportunity to file a third amended complaint, and the Court recommended that the amended complaint also be dismissed for misjoinder and for failure to comply with an order of the Court.  Doc. 80.  The case was dismissed on October 29, 2013.  Doc. 87.  The course of events in Plaintiff's prior case reflects that he is well aware of the consequences of filing a Complaint in which unrelated claims and parties are misjoined.[1]

The Court will very briefly summarize Plaintiff's instant claims in the proposed Second Amended Complaint, Doc. 18-1.  Plaintiff complains that when he arrived at Franklin CI he was sent to work in food service without an "orientation," as a form of punishment.  On March 2 and 6, 2012, an officer in charge of the law library refused to give Plaintiff indigent envelopes and made derogatory comments, but a law clerk brought Plaintiff the materials.  Plaintiff unsuccessfully pursed a grievance.

---

[1] Another case filed by Plaintiff stemming from events that occurred at Franklin CI beginning in March 2013 remains pending.  *Hoever v. Bellelis et al.*, Case No. 4:13-cv-372-WS-CAS.

On April 17 and 18, inmate lockers were searched and property was destroyed. Plaintiff does not allege that his property was destroyed. Plaintiff unsuccessfully pursed a grievance.

On May 6, Plaintiff was forced to go to work even though he was sick. He requested a grievance form and an officer threatened him, but no further action was taken against him.

On May 10, Plaintiff was placed in administrative confinement and then charged with possession of a weapon (made out of an ink pen and rusty nail) that was found during a random search of his locker. Plaintiff was convicted following a disciplinary hearing, and punished with the loss of gain time and disciplinary confinement; his administrative appeals were unsuccessful.

On May 15, Plaintiff requested legal materials and submitted documents to be typed; the officer in charge of the library delayed the typing and denied him indigent materials and law clerk assistance. On May 25, Plaintiff's room was searched and pens were confiscated.

Plaintiff returned to food service in the butcher shop after his release from disciplinary confinement. On August 15 and 16, he was given conflicting work orders by different supervisors. When Plaintiff complained that the conflicting orders violated regulations, he was removed from the butcher shop. Plaintiff unsuccessfully pursed a grievance.

On August 24, an officer failed to wake Plaintiff up for his work shift and then threatened to reprimand Plaintiff. When Plaintiff complained to the officer and asked for his name, the officer threatened to lock him up. Plaintiff's locker was searched later

that evening.    Plaintiff unsuccessfully pursed a grievance.

On August 30, Plaintiff went to work in food service.  Plaintiff complained to an officer that the inmates were not receiving breaks as required by regulations.  The officer then harassed Plaintiff and ordered him to sweep the floor.  While the officer was retrieving a broom, Plaintiff went to the bathroom.  The officer then found Plaintiff and tried to give him the broom.  Plaintiff complained that he was being harassed.  Plaintiff subsequently was charged with refusing to work.   While he was in confinement, he was asked to sign an incomplete property inventory but only signed "under protest."  Some of Plaintiff's property was missing when he was released.   Plaintiff unsuccessfully pursed a grievance.

On August 31, Plaintiff complained to the Warden that for two days he was denied hygiene supplies, inmate requests, and writing utensils.  The Warden warned Plaintiff that he was required to comply with the orders of prison officials.  Another officer threatened to use chemical spray on Plaintiff if he continued to complain, write grievances, or file lawsuits.

On September 4, Plaintiff attended his DR hearing for refusing to work.  He was convicted, and his administrative appeals were unsuccessful.

On December 13, Plaintiff was given a library pass but was refused access to the law library.

Plaintiff makes additional allegations that officers did not comply with regulations regarding his DR appeals, and that the Warden was not looking after Plaintiff's welfare when he told Plaintiff to comply with the orders of prison officers.  Plaintiff makes general allegations that the Secretary of the DOC is negligent in managing employees

and that disciplinary policies prejudice inmates.  Plaintiff makes vague and conclusional assertions that all of the defendants have conspired against him to violate his First, Eighth, and Fourteenth Amendment rights.  Plaintiff alleges that while some of the unspecified Defendants' individual actions may not have amounted to "gross constitutional violations," the "totality and cumulative effect" of prison officials' conspiracies amount to gross violations of his rights.   Plaintiff seeks declaratory and injunctive relief, including, *inter alia*, orders mandating that certain procedural rights be accorded to inmates during administrative disciplinary proceedings, that prison law librarians be "competent and certified," that grievance coordinators be "competent," that prison staff be required to report unlawful actions by other staff, that prison officials not use profanity, and that inmates in segregation be provided legal assistance.  Doc. 18-1.

## STANDARD OF REVIEW

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995).  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory

allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

### *Misjoinder*

Federal Rule of Civil Procedure 20(a)(2) states that multiple defendants may be joined in the same action only if, first, "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Second, there *must* be a "question of law or fact common to all defendants" in the action. Both prongs of the test must be met in order for joinder to be appropriate. *See Don King Prods., Inc. V. Colon-Rosario, et al.*, 561 F. Supp. 2d 189, 191 (D. Puerto Rico 2008).

Even where joinder is proper, the Court may sever defendants based on considerations of fundamental fairness,

> pursuant to the Court's discretionary authority set forth in Federal Rules of Civil Procedure 20(b) and 21. *Lenon v. St. Paul Mercury Ins. Co.,* 136 F.3d 1365, 1371 (10th Cir.1998) (Rule 21 permits the district court "considerable discretion" to dismiss parties "on such terms as are just"); *Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1296 (9th Cir.2000) (court may sever claims under Rule 20 if joinder would violate "fundamental fairness" or result in prejudice to either side). Even when the specific requirements of Rule 20 are satisfied, the Court must consider whether permissive joinder "will comport with the principles of fundamental fairness" or cause undue prejudice to any party. *Desert Empire Bank v. Ins. Co. of N.A.,* 623 F.2d 1371, 1375 (9th Cir.1980); *see also Intercon Research Assoc., Ltd. v. Dresser Indus.,* 696 F.2d 53, 58 (7th Cir.1982) (permissive joinder should be denied where it would create undue prejudice, expense, or delay).

*Malibu Media, LLC v. John Does 1-5*, No. 12-cv-1405-WJM, 2012 WL 3030300, *3 (D.

Colo. July 25, 2012).

Here, it is clear that allowing this action to go forward against all 24 defendants—many of which are sued under unrelated theories and based on unrelated events—would create case management problems, would prejudice the defendants, and would be fundamentally unfair. At the very least, because of the numerous and unrelated occurrences that give rise to these varied claims, it is likely that the defendants will present unique defenses that will require different evidence. *See Don King Prods., Inc.*, 561 F. Supp. 2d at 192 (where claims against multiple defendants arose from distinct transactions and would give rise to unique defenses, the plaintiff's "convenience to bring all claims against these defendants in one action without paying fees for each defendant, is outweighed by the prejudice and delay it would put on the Court's shoulders, as well as each defendant's defense counsel").

Under Federal Rule of Civil Procedure 21, the proper remedy for improper joinder of parties is not dismissal. Rather, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." *Id.*

In this case, as the Court previously informed Plaintiff, it is unclear which claim Plaintiff seeks to pursue in this case. In view of Plaintiff's *pro se* status, the Court has afforded Plaintiff multiple opportunities to file an Amended Complaint that complies with the requirements of the Federal Rules and § 1983 standards. Plaintiff was warned that if he again filed an Amended Complaint that suffered from the same defects as his original Complaint and First Amended Complaint, such pleading would be stricken and the Court would recommend dismissal of this case. Doc. 12.   Plaintiff's Second

Amended Complaint defies the previous Court orders by repeating the same unrelated claims.  Accordingly, the Second Amended Complaint is due to be stricken and this case dismissed for misjoinder, for failure to obey a Court order, and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C § 1915(e)(2)(b)(ii).

In light of the foregoing, it is respectfully **RECOMMENDED** that:

Plaintiff's Second Amended Complaint, Doc. 18-1, should be **STRICKEN and this case DISMISSED with prejudice** for misjoinder, for failure to comply with a Court order, and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C § 1915(e)(2)(b)(ii).  Such dismissal will count as a "strike" pursuant to 28 U.S.C § 1915(g).

**IN CHAMBERS** at Gainesville, Florida, this 3rd day of April 2014.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**